**The People of the State of Illinois, Defendant in Error, v. Michael A. Herbert, Plaintiff in Error.**

**Gen. No. 6,067.   (Not to be reported in full.)**

Error to the County Court of Boone county; the Hon. WILLIAM C. DEWOLF, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

## Statement of the Case.

Information by the People of the State of Illinois against Michael A. Herbert and William Peck, containing thirteen counts, wherein they were charged with selling intoxicating liquors in the Town of Belvidere when the same was anti-saloon territory. The defendants pleaded not guilty and were tried by a jury. During the trial the information was quashed as to the defendant Peck. Defendant Herbert was found guilty as charged in counts 1, 4 and 8 of the information. He moved for a new trial and in arrest of judgment and those motions were denied. He was fined $100 under each of said three counts and sentenced to imprisonment in the county jail for twenty days under the first count, for ten days under the fourth count, and for ten days under the eighth count, which the judgment recites makes "a total of forty consecutive days," and was committed to the county jail until the fine and costs were paid at the rate of $1.50 per day for each day's work in the workhouse of the county, or until otherwise legally discharged, and it was ordered that defendant so work accordingly and that his commitment and work for nonpayment of fine and costs begin at the expiration of said forty days' jail sentence. To reverse this judgment, defendant Herbert prosecutes this writ of error.

There was proof that defendant Herbert had secured two Federal licenses for retailing liquor at two different places.

Defendant contended that as the only proof of his guilt was the evidence of two detectives which was contradicted by his evidence and that of his clerk, the evidence was evenly balanced and a conviction should not stand.

For the People there was evidence that defendant had been a saloonkeeper before the territory became dry and that thereafter he did business over the same

bar and with the same appliances. While defendant claimed to be selling only soft drinks, his testimony showed that he had bought a very large quantity of beer which he kept in the basement of his place of business. He testified that beer had been prescribed for a disease from which he suffered and that he used this only at home and for himself, his wife and her sister. He also gave an estimate of the number of bottles bought and the number so used and the number left on hand at the time of his indictment, which estimate left more than 1,000 bottles unaccounted for.

WILLIAM L. PIERCE and DOUGLAS PATTISON, for plaintiff in error.

PATRICK H. O'DONNELL and DAVID R. JOSLYN, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 449*—*when question as to method of procuring jury not preserved for review.* Where the bill of exceptions fails to show how the jury were drawn or summoned or that there was any error in that respect, merely showing that one or more jurymen were called into the jury box from the bystanders, and the points in writing filed by defendant with his motion for a new trial and with his motion in arrest of judgment do not include anything on the subject, the question of the method of procuring a jur— is not preserved for review.

2. CRIMINAL LAW, § 541*—*when exclusion of evidence not ground for reversal.* On an information for selling liquor in anti-saloon territory possible error of the court in refusing to permit defendant to explain why he procured Federal license for retailing liquor in such territory is not ground for reversal where he was afterwards permitted to make full explanation.

3. INTOXICATING LIQUORS, § 151*—*when verdict in prosecution for illegal sale not against weight of evidence.* On an information for selling liquor in anti-saloon territory, the verdict is not against the weight of the evidence merely because the sole proof of defendant's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

guilt was the evidence of two detectives which was wholly contradicted by the evidence of defendant and his clerk.

4. INTOXICATING LIQUORS, § 151*—*when evidence sufficient to support finding of sale in anti-saloon territory.* Evidence on an information for selling intoxicating liquors in anti-saloon territory examined and *held* to support a verdict of guilty.

5. INTOXICATING LIQUORS, § 158*—*when instruction as to effect of issuance of Federal receipt proper.* On an information for selling intoxicating liquors in anti-saloon territory, an instruction that the issuance of an internal revenue special tax stamp or receipt by the United States to any person as a retail dealer in liquors or in malt liquor at any place in anti-saloon territory is prima facie evidence of the sale of intoxicating liquor by such person at such place or at any place of business of such person within anti-saloon territory where such receipt is posted, provided a sale of liquor of any kind is proven beyond a reasonable doubt, regardless of the kind of liquor sold, is not improper for failure to require not only the issuance of such receipt but its posting at his place of business, where the instruction follows the language of the statute and defendant causes the court to give a second instruction for him to the same effect which does not require the posting of such notice.

6. CRIMINAL LAW, § 558*—*when error in giving or refusing instructions not ground for reversal.* Even though the rulings upon the giving or refusing of instructions are subject to criticism, yet if the jury were sufficiently and fully instructed when all the instructions given are taken into consideration, such ruling is not ground for reversal.